UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:12-CR-104

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

JILLIAN WOJCIECHOWSKI                                  DEFENDANT

**MEMORANDUM ORDER AND OPINION**

This Court sentenced Defendant Jillian Wojciechowski on December 23, 2013. Two of the counts to which Wojciechowski pled guilty constitute § 924(c)(1)(A) violations. The Court allowed the sentence for these counts, Counts 3 and 8 respectively, to run concurrently with each other and consecutively to the total of forty-six months imposed for the other three counts in the Second Superseding Indictment. DN 205, p. 3. The United States has moved to correct this sentence pursuant to FED. R. CRIM. P. 35(a), arguing that the Court's failure to impose consecutive sentences for multiple violations of 18 U.S.C. § 924(c)(1)(A) constitutes clear error. DN 206. For the reasons stated below, the United States' motion is hereby denied.

FED. R. CRIM. P. 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." In its motion, the United States cites *Abbott v. United States*, 526 U.S. ---, 131 S. Ct. 18, 22, 178 L. Ed. 2d 348 (2010) and, for the first time, *United States v. Clark*, 634 F.3d 874, 877 (6th Cir. 2011), for the proposition that multiple violations of 18 U.S.C. § 924(c) require the court to impose consecutive terms of imprisonment. At sentencing and in its pre-sentencing memorandum, the United States

referred to *Abbott* along with *United States v. Almany*, 626 F.3d 901 (6th Cir. 2010) and *Deal v. United States*, 508 U.S. 129 (1993), to support its position.

The United States filed the present motion to correct Wojciechowski's sentence on Thursday, January 2, 2014. The deadline imposed by Fed. R. Crim. P. 35 would require this Court to reconsider its sentence and potentially impose a different sentence by Monday, January 6, 2014. Defendant has not had a chance to reply to the United States' motion and, due to the schedules of all concerned, it is impracticable to complete briefing and complete a fair reconsideration of the issues within four days and arrange for any required re-sentencing in the event the Court were to reconsider. This would be particularly unfair to Defendant who has waived her right to appeal. Therefore, the Court will stand by its decision to run the sentences for Counts 3 and 8 of the Second Superseding Indictment concurrently. The Court fully explained its decision on this matter on the record at sentencing.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED the United States' Motion to Correct Sentence pursuant to Fed. R. Crim. P. 35 (DN 206) is DENIED.

cc: Counsel of Record