UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES     Plaintiff

v.     Criminal Action No. 3:12-CR-104-RGJ

JILLIAN WOJCIECHOWSKI     Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Jillian Wojciechowski moves for compassionate release. [DE 395]. The United States responded. [DE 405]. For the reasons below, Defendant's motion [DE 395] is **DENIED**.

### I.     BACKGROUND

On May 8, 2013, a grand jury charged Defendant in a nine-count indictment. [DE 41]. Count 1 charged Defendant with conspiracy to commit bank robbery in violation of 18 U.S.C. § 2113(a) and (d). *Id.* at 98. Count 2 and 7 charged her with bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and 2. *Id.* at 100, 103. Count 3 and 8 charged her with using a firearm during a bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *Id.* at 101, 103. On June 18, 2013, Defendant pleaded guilty to all counts against her in the Indictment under a Federal Rule of Criminal Procedure 11(c)(1)(B) plea agreement. [DE 85; DE 88]. On December 23, 2013, Judge John G. Heyburn sentenced Defendant to 226 months in custody with 3 years of supervised release. [DE 205 at 1385-86]. Defendant and the United States appealed her sentence. [DE 210; DE 218]. After the United States prevailed on appeal, [DE 242], Judge Heyburn re-sentenced Defendant to 310 months in custody with 3 years of supervised release. [DE 278].

Defendant now requests compassionate release for two reasons: 1) she is "serving an extraordinary sentence that would not be applied if sentenced today, [s]ince the First step act has expressly renounced the interpretation of 924(c) that results in 262 of [her] 310 month sentence";

1

and 2) she is "very concerned for [her] 60 year old mother whose health has declined tremendously this year" and who is the "sole provider for [her] two children." [DE 395 at 2766]. The United States objected. [DE 405].

## II. ANALYSIS

### A. Exhaustion of Administrative Remedies

Before the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the motion was filed by the director of the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

In *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020), the Sixth Circuit determined that the occurrence of one of the two events noted in the statute is a "mandatory condition" to granting relief. If the government "properly invoke[s]" the condition and does not waive its requirement, the court must enforce it. *Id.* at 834. The Sixth Circuit ruled that this court cannot find exceptions to the mandatory condition. *Id.* at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.")

"District courts across the country have grappled with the language of the First Step Act to determine precisely what a prisoner must do before he can successfully bring his own motion for compassionate release in federal court." *United States v. Littles,* No. 7:12-CR-9-KKC, 2020 WL 4282219, *2 (E.D. Ky July 27, 2020). If the warden fails to act on the defendant's request for a

compassionate-release motion the law is clear that the defendant can bring her own motion in federal court after waiting 30 days from the date the warden received his request. It remains less clear when a warden denies a defendant's request to file a motion for compassionate release about whether a defendant must exhaust the administrative appeal process until a final decision is rendered. *Id.*

Courts have come to different decisions on these issues. *Littles,* 2020 WL 4282219, *2. *See, e.g.*, *United States v. Blankenship*, No. CR 7:19-10-KKC, 2020 WL 6111959, at *1 (E.D. Ky. Oct. 16, 2020); *United States v. Smith*, No. 4:95-CR-00019-LPR-4, 2020 WL 2487277, at *9 (E.D. Ark. May 14, 2020); *United States v. Haney*, No. 19-CR-541 (JSR), 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020). In *Alam*, however, the Sixth Circuit construes the statute as giving defendants two alternate pathways to federal court.

Under the first pathway, "prisoners who seek compassionate release have the *option* to take their claim to federal court within 30 days, no matter the appeals available to them." *Alam*, 960 F.3d at 834 (emphasis added); *see also United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020). The Sixth Circuit states that the statute "imposes a requirement on prisoners before they may move on their own behalf: They must 'fully exhaust[ ] all administrative rights' *or else* they must wait for 30 days after the warden's 'receipt of [their] request.'" *Id.* at 833 (emphasis added) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Under the second pathway, "[i]f the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take [her] claim to court only by moving for it on [her] own behalf. To do that, [s]he must 'fully exhaust[ ] all administrative rights to appeal' with the prison *or* wait 30 days after [her] first request to the prison." *Alam*, 960 F.3d at 833–34 (6th Cir. 2020) (emphasis added) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Sixth Circuit clarified that, for those

3

prisoners who choose to "pursue administrative review," they need not complete it before coming to federal court. *Id.* at 836. "[P]risoners have the option to go to federal court" if they pursue administrative review and it "comes up short (*or if 30 days pass*)." *Id.* (emphasis added).

Defendant has properly exhausted. On August 25, 2020, Defendant filed a request for compassionate release with the warden. [DE 395-1 at 2770]. On September 9, 2020, the warden denied her request, and on September 23, 2020, she appealed the warden's denial. *Id.* at 2770-71. On November 13, 2020, the administrative remedy coordinator acknowledged receipt of her appeal. *Id.* at 2772. Defendant did not file this action requesting compassionate release until more than 30 days after she filed her request.[1] *See United States v. Alston*, No. 1:19 CR 232, 2021 WL 1928514, at *1 (N.D. Ohio May 12, 2021) ("[T]he exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued") (citing *Alam*, 960 at 831). For these reasons, the Court considers Defendant's motion on the merits.

### B. Sixth Circuit *Jones* Analysis

A district court has limited authority to modify a sentence. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants that authority in certain limited circumstances. It provides, in part:

---

[1] In its September 18, 2020 Order, the Court took a different position on how to interpret the "lapse of 30 days" language § 3582(c)(1)(A) as it concerns administrative exhaustion. [DE 391 at 2761]. District courts throughout the country, including those in the Eastern and Western District of Kentucky, have taken different positions on how to interpret this language. This case law has significantly evolved, and thus, the Court finds that "the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued." *Alston*, No. 1:19 CR 232, 2021 WL 1928514, at *1.

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *Ruffin*, 978 F.3d at 1003.

"Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory." *Jones*, 2020 WL 6817488, at *5, 2020 U.S. App. LEXIS 36620 (6th Cir. Nov. 20, 2020). That said, district courts must "supply specific factual reasons for their compassionate release decisions." *Jones*, 2020 WL 6817488, at *1.

As recently set forth by the Sixth Circuit, the decision regarding whether to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A) involves a three-step analysis. *United States v. Jones*, 2020 WL 6817488; *see also* 18 U.S.C. § 3582(c)(1)(A)(i); *Ruffin*, 978 F.3d at 1004. First, a court must find whether extraordinary and compelling reasons warrant a sentence reduction or whether the defendant fulfills the requirements of §3582(c)(1)(A)(ii). *Jones*, 2020 WL 6817488, at *6, n. 12. Second, a court must find whether a reduction is consistent with applicable Sentencing Commission policy statements. *Id.* Third, a court must consider any applicable Section 3553(a) factors. Based on this inquiry the Court determines whether, in its discretion, the reduction authorized is warranted in whole or in part under the circumstances of the case. *Id.*

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *Ruffin*, 978 F.3d at 1004. "In 28 U.S.C. § 994(t), Congress delegated to the Sentencing Commission the responsibility of describing what should be considered extraordinary and compelling reasons for

sentencing reduction, including the criteria to be applied and a list of specific examples by promulgating general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A)." *Jones*, 2020 WL 6817488, at *7 (alterations adopted) (internal quotation marks omitted). Section 1B1.13 of the United States Sentencing Commission Guidelines Manual contains the Sentencing Commission's policy statement on compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Id.* at *6-7; U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)"). Yet this section has not been updated since passage of the First Step Act in December 2018. *Jones*, 2020 WL 6817488, at *7. As a result, the Sixth Circuit held that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at *7-9.

The Sixth Circuit also held in *Jones* that "the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." *Id.* at *7. Thus, U.S.S.G. § 1B1.13 currently is not an "applicable policy statement[ ] issued by the Sentencing Commission" in such cases. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 2020 WL 6817488, at *1, 7. So now, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry," at least until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act. *Jones*, 2020 WL 6817488, at *9.

As to consideration of the § 3553(a) factors, the Court must "consider such things as the characteristics of the defendant, the nature of the offense, and various penological goals, such as the need to promote respect for law and to protect the public." *Ruffin*, 978 F.3d at 1005; *Jones*, 2020 WL 6817488, at *11.

6

> Among the variety of items that courts have considered in this step are conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions.

*United States, v. Pooler*, No. 3:18-CR-00137, 2020 WL 7046964, at *5 (S.D. Ohio Dec. 1, 2020)(citing *Jones*, 2020 WL 6817488, at *12; *Ruffin*, 978 F.3d at 1008-09); *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable").

The defendant bears the burden of establishing that she is entitled to a sentence reduction under 18 U.S.C. § 3582. *See United States v. Karr*, No. 6:17-CR-25-REW, 2020 WL 774363, at *6 (E.D. Ky. Feb. 18, 2020).

### 1. *"Extraordinary and Compelling" Reasons for Release*

Defendant argues that the Court should grant her motion for compassionate release because she is "serving an extraordinary sentence that would not be applied if sentenced today, [s]ince the First step act has expressly renounced the interpretation of 924(c) that results in 262 of [her] 310 month sentence." [DE 395 at 2766]. The United disagrees:

> Many defendants incurred convictions and sentences for multiple § 924(c) convictions before Congress amended § 924(c) in 2018. Ms. Wojciechowski is in the same position as those defendants, and her sentence is therefore neither extraordinary nor compelling. Although a defendant sentenced today for multiple § 924(c) violations would receive a lesser total sentence, Congress expressly declined to make § 403 of the First Step Act retroactive, and it would defy that

explicit Congressional intent to allow Ms. Wojciechowski to secure retroactive application of that amendment through § 3582(c)(1)(A).

[DE 405 at 2864-65].

In a recent opinion, the Sixth Circuit held that "the First Step Act's non-retroactive change to § 924(c) could not as a matter of law be an 'extraordinary and compelling' reason under § 3582(c)(1)(A)(i)." *United States v. Jarvis*, No. 20-3912, 2021 WL 2253235, at *2 (6th Cir. June 3, 2021). A grand jury indicted Jarvis for his participation in a series of armed bank robberies. *Id.* at 1. In sentencing Jarvis, "the district court determined that his first firearm conviction under § 924(c) generated a statutory minimum sentence of five years and that his other four § 924(c) convictions counted as repeat offenses, each subject to a statutory minimum of 20 years (to be imposed consecutively). The court sentenced Jarvis to 85 years on his § 924(c) convictions and to 11 years on his other convictions, generating a total sentence of 96 years." *Id.*

In his motion for compassionate release, Jarvis "invoked the COVID-19 pandemic and the First Step Act's amendments to § 924(c). As for the latter, he contended that, if he were sentenced for the same offenses today, he would receive a sentence of 25 years, not 40 years. Having served 26 years already, he asked the district court to release him." *Id.* The district court denied his motion. *Id.* Affirming the district court, the Sixth Circuit held:

> The text of these sentencing statutes does not permit us to treat the First Step Act's non-retroactive amendments, whether by themselves or together with other factors, as "extraordinary and compelling" explanations for a sentencing reduction. But for those defendants who can show some other "extraordinary and compelling" reason for a sentencing reduction (and we have plenty of deferential decisions on this score), they may ask the district court to consider sentencing law changes like this one in balancing the § 3553(a) factors—above all with respect to the community safety factor.

*Id.* at 3.

Based on *Jarvis*, the Court is not "permit[ed] . . . to treat the First Step Act's non-retroactive amendments, whether by themselves or together with other factors, as 'extraordinary and

8

compelling' explanations for a sentencing reduction." *Id.*; *see also United States v. Corona*, No. 20-6309, 2021 WL 2345769, at *2 (6th Cir. June 8, 2021) ("For a district court to consider a disparity arising from a non-retroactive or partially retroactive sentencing change, whether by itself or in combination with other factors, as part of its inquiry into extraordinary and compelling reasons would end run around congressional design"). As a result, the Court cannot grant Defendant's motion on this basis.[2]

Defendant also argues that the Court should grant compassionate release because her mother, who has health issues, is the sole caretaker for her children. [DE 395 at 2766]. Defendant provided the Court with copies of her mother's medical records, [DE 397], and the Court has reviewed them. Although her mother does have some health issues, nothing in the medical records suggests that they are not being sufficiently treated. Nor do the medical records support Defendant's inference that her mother may no longer be able to take care of Defendant's children. Defendant's concern for her mother's health cannot justify compassionate release. *United States v. Woodley*, No. 3:15-CR-143, 2020 WL 7327960, at *4 (E.D. Tenn. Dec. 11, 2020) ("The Court

---

[2] But, even if the Court could consider the sentencing disparity in Defendant's case as an "extraordinary and compelling" circumstance, the Court finds that it is outweighed by Defendant's troubling disciplinary record. *See United States v. Owens*, 996 F.3d 755, 760 (6th Cir. 2021) (decided less than one month before *Jarvis*) ("We hold that, in making an individualized determination about whether extraordinary and compelling reasons merit compassionate release, a district court may include, along with other factors, the disparity between a defendant's actual sentence and the sentence that he would receive if the First Step Act applied"). While in prison, Defendant has been disciplined for several offenses, including, but not limited to:
- Fighting Another Person – May 20, 2014
- Abusing Phone Privileges – February 21, 2018
- Possessing Suboxone – February 23, 2018
- Interfering with Taking Count – October 22, 2018
- Fighting with Another Person – July 18, 2019
- Fighting with Another Person – November 8, 2019

[DE 407-1 at 2879-81].

admires the defendant's concern for the health of his family members, but compassionate release will not be granted on that basis").

### 2. *Sentencing Objectives In 18 U.S.C. § 3553(a).*

This Court must also consider "all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 2020 WL 6817488, at *11. A court need not "specifically articulat[e]" every single Section 3553(a) factor in its analysis. Instead, the record "as a whole" must confirm that the pertinent factors were considered by the court. *Id.* For a reviewing court, the record as a whole will constitute both the original sentencing proceeding and the compassionate release decision. *Id*. at *11–12.

Here, the § 3553(a) factors counsel against compassionate release. Defendant's crimes were violent and involved firearms. [DE 41]. Armed bank robbery is a serious offense. The Court acknowledges that, other than traffic violations, these are Defendant's only criminal convictions. [DE 137]. Defendant's criminal history is somewhat unusual in this respect.

Defendant has served less than half of her current sentence. A sentence reduction at this time would create a grave disparity in sentences and not achieve the deterrence objectives of 18 U.S.C. §3553(a). *See United States v. Hill*, No. 11-20090-01-JWL, 2020 WL 7056098, at *2 (D. Kan. Dec. 2, 2020) ("[T]he court notes that a firearm was associated with defendant's robbery and his convictions include one count of brandishing a firearm during a crime of violence. These are serious offenses and while defendant has served nearly 80 percent of his sentence, that 80 percent does not serve the purposes of sentencing").

The Court also finds that Defendant's crime and her violent conduct while in prison are of serious concern to the community. Defendant asserts that she is a non-violent person. [DE 395 at 2766]. But this assertion is neither support by her criminal conduct nor her conduct in prison. *See*

*United States v. Hicks*, No. 96-80335, 2021 WL 51398, at *5-6 (E.D. Mich. Jan. 6, 2021) ("But the Government notes that Hicks has been disciplined for fighting in prison and violating prison rules in other ways. This record while in prison, coupled with the nature and circumstances of Hicks' underlying crimes outweigh other considerations"). Defendant and her accomplices pointed firearms at bank employees and bank customers, and Defendant has been disciplined for fighting with other inmates. Defendant argues that none of the victims of her armed bank robberies were "physically harmed." [DE 395 at 2766]. While this may be true, the victims nonetheless appear to have suffered emotional and psychological harm. [DE 405 at 2866-67]; *See United States v. Burse*, No. 13-20373, 2021 WL 1186499, at *2 (E.D. Mich. Mar. 30, 2021) ("Burse's offenses were undoubtedly serious. On three occasions, he organized armed bank robberies. Firearms were used in each robbery, placing the bank employees in fear and in danger . . . Burse has established, through his organization of and participation in multiple armed bank robberies, that he is a danger to the community").

This Court was not the sentencing court. However, the Court has reviewed the 18 U.S.C. 3553(a) factors, the Presentence Investigation Report ("PSR") [DE 137], statement of reasons [DE 213], and judgment [DE 205; 278]. The Court finds that the sentencing court's sentence adequately reflected the seriousness of the offenses, promoted respect for the law, provided just punishment, afforded adequate deterrence of future criminal conduct, and protected the public from future crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). The Court therefore finds that the retribution, deterrence, incapacitation, and rehabilitation interests served by the original sentence counsel against early release in this case.

### III. CONCLUSION

Because Defendant has failed to satisfy her burden for compassionate release for the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Defendant's Motion for Compassionate Release [DE 395] is **DENIED.**

Rebecca Grady Jennings, District Judge
United States District Court

June 23, 2021

Copies to : United States and Defendant-Pro-Se